**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MEHAK SINGH,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

No. 5:26-cv-06716-DSR

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

On November 9, 2026, Petitioner Mehak Singh ("Petitioner"), a noncitizen presently detained in the custody of U.S. Immigration and Customs Enforcement ("ICE"), initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his ongoing detention as violative of the Constitution or laws or treaties of the United States. See Doc. No. 1. The Petition names as Respondents the Warden of the Desert View Facility where Petitioner is presently detained, the Secretary of the Department of Homeland Security, the Attorney General of the United States, and the Executive Office for Immigration Review (collectively "Respondents"). Id. Petitioner seeks a Writ of Habeas Corpus ordering Respondents to release Petitioner from immigration custody. Id. at prayer ¶ 3. He further seeks a permanent injunction prohibiting his re-detention absent notice and a pre-deprivation hearing before a neutral arbiter at which the government bears the burden of demonstrating by clear and convincing evidence

the existence of an individualized change in circumstances, flight risk, or danger to the community justifying re-detaining Petitioner. Id. at prayer ¶¶ 6-7.

Concurrent with filing the Petition, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 3. The case became fully consented on November 13, 2026, pursuant to the terms of the United States Attorney's Office's General consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order No. 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 6.

On November 10th, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 5. In the Notice of General Order 26-05, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," in an Answer to be filed no later than November 17, 2026. See Doc. No. 5 at ECF pp. 1, 5.

Respondents did not file any such Answer and have disregarded entirely the Court's directive that they "show cause why the writ of habeas corpus should not be granted." In addition, Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Petition in this case, despite having notice of their obligation to do so and an opportunity to comply, to be their consent to granting the relief sought in the Petition for Writ of Habeas Corpus.

The Court therefore finds that Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release.

//

IT IS THEREFORE ORDERED that:

(A) Respondents shall immediately release Petitioner **Mehak Singh (A No. 240-427-501)** from immigration custody subject only to the conditions in place prior to his October 19, 2026, re-detention, as well as return any personal property and documents seized from him at the time of his detention.

(B) Respondents are enjoined from re-detaining Petitioner absent notice and a pre-deprivation hearing before a neutral adjudicator at which the government bears the burden of demonstrating by clear and convincing evidence the existence of an individualized change in circumstances, flight risk, or danger to the community justifying re-detaining Petitioner.

(C) Respondents shall provide Petitioner with a copy of this Order at or near the time of his release.

(D) Within two days of the date of this Order, Respondents shall file with the Court a status report confirming Petitioner's release.

The Court will enter judgment consistent with this Order.

IT IS SO ORDERED.

DATED: November 18, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE